1  DARIN W. SNYDER (S.B. #136003)
   LUANN L. SIMMONS (S.B. #203526)
2  DAVID W. ONO (S.B. #221312)
   O'MELVENY & MYERS LLP
3  Embarcadero Center West
   275 Battery Street
4  San Francisco, CA  94111-3305
   Telephone:    (415) 984-8700
5  Facsimile:    (415) 984-8701

6  Attorneys for Defendants
   EMBEDDED INTERNET SOLUTIONS, INC.,
7  SHENZHEN ZHUOZHUANG NETWORK
   TECHNOLOGY, INC., GUOHONG XU, and JING
8  WU

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| EnREACH TECHNOLOGY, INC., | Case No.  C04 01255 CW |
| Plaintiff, | **DEFENDANTS EMBEDDED INTERNET SOLUTIONS, INC., SHENZHEN ZHUOZHUANG NETWORK TECHNOLOGY, INC., GUOHONG XU, AND JING WU'S MOTION TO CONTINUE SUMMARY JUDGMENT HEARING PURSUANT TO CIV. L.R. 6-3** |
| v. | |
| EMBEDDED INTERNET SOLUTIONS, INC., SHENZHEN ZHUOZHUANG NETWORK TECHNOLOGY, INC., GUOHONG XU, JING WU, EMBEDDED INTERNET SOLUTIONS HOLDINGS LTD., ZHAOHENG HOLDINGS LTD., GUOSHENG XU, ALPHASMART, INC., CHANGHONG ELECTRONICS, LTD., CIRRUS LOGIC, INC., INVENTEC CORPORATION, KYOCERA WIRELESS CORP., OPENTV CORP., PHILIPS SEMICONDUCTOR INC., and XOCECO LTD., | Courtroom:   2<br>Judge:         Hon. Claudia Wilken |
| Defendants. | |

## I. INTRODUCTION

EnReach's motion for summary judgment is premature. On February 18, 2005, a mere three weeks after filing its Fourth Amended Complaint, EnReach filed its motion with a hearing date exactly 35 days after service, March 25, 2005. The Original Defendants, and many of the other newly-added defendants, have not even responded to the Fourth Amended Complaint. Most importantly, although the core issue raised by EnReach's motion is whether the Original Defendants infringe EnReach's alleged copyrights, to date, EnReach admittedly has still not identified to the Original Defendants the allegedly copyrighted material or what EnReach claims was copied by the Original Defendants. Finally, and independently, EnReach did not serve properly its summary judgment motion papers on February 18, and EnReach's motion is therefore improperly noticed. Although the Original Defendants have raised each of these issues with Plaintiff, Plaintiff refused to modify the original hearing date in any way.

There have been no previous modifications to the case schedule, and the request to continue the hearing date would have no effect on that schedule[1]. Accordingly, the Original Defendants request that this Court continue the hearing of EnReach's motion to the first available date on or after April 22, 2005, and order that opposition and reply briefs be filed 21 days and 14 days, respectively, before the newly scheduled hearing date.

## II. GOOD CAUSE EXISTS TO CONTINUE THE HEARING TO ALLOW ENREACH TO FULFILL ITS DISCOVERY OBLIGATIONS AND CURE ITS DEFECTIVE NOTICE

The power to continue the hearing date for a motion is within the discretion of the trial court. *See* Civ. L.R. 6-3(d) ("After receiving a motion to enlarge or shorten time and any opposition, the Judge may grant, deny, modify the requested time change…") Good cause exists to grant the Original Defendants' request to continue the hearing date for EnReach's summary judgment motion.

---

[1] On February 23, 2005, EnReach requested that the Original Defendants agree to a stipulated request to extend the expert discovery cutoff and related dates. The Original Defendants informed EnReach that they are willing to consider a joint request to modify the Court's current scheduling order provided that such request include all parties to this action, including the newly-added defendants who have appeared, and that the schedule also accommodate the need to take fact discovery regarding a recently-filed amended complaint. (Simmons Decl. ¶ 7.)

MOTION TO CONTINUE SUMMARY
JUDGMENT HEARING
CASE NO. C04 01255 CW

1

1   First, EnReach's motion for summary judgment is premature.  Despite having filed
2   its complaint alleging copyright infringement against the Original Defendants over ten months
3   ago, EnReach has yet to produce and unambiguously identify the materials that it allegedly
4   registered for copyright protection.  It was not until February 7, 2005, that EnReach finally
5   produced its copyright registration. (Simmons Decl. ¶ 2, Ex. 1.)  Notably absent from EnReach's
6   production was the list of files, referenced in the cover letter submitted to the Copyright Office
7   with the registration, identifying the specific materials for which copyright protection was being
8   sought.  (*Id.*)  Despite several requests in the several months since this case was filed, EnReach
9   declined to produce that list until only one week before Original Defendants' opposition is due on
10  the current schedule.  (*Id.* at ¶ 3, Ex. 2.)  Without the file listing from the registration or some
11  other identification from EnReach, the Original Defendants cannot determine what allegedly
12  copyrighted materials they supposedly infringe and cannot apply the test for determining
13  copyright infringement adopted by the Ninth Circuit.

14  Even more distressing, EnReach has yet to even identify the source code that it
15  alleges is infringed.  The Original Defendants have been waiting for this highly relevant
16  information since at least November.[2]  (*Id.* at ¶¶ 3, 6, Exs. 2, 6 ("Defendants' First Set Of
17  Interrogatories To Plaintiff EnReach Technology, Inc.," Interrogatory No. 1).)  EnReach has
18  promised to produce this information but will do so only "on or before March 4, 2005," which is
19  the *last* day of fact discovery on the current schedule and after Original Defendants' opposition
20  would be due.  (*Id.* at ¶ 3, Ex. 2.)  When EnReach finally produces such information, Original
21  Defendants and their experts deserve a reasonable amount of time in which to conduct the
22  necessary evaluation and analysis of the relevant bodies of source code.  Without sufficient time
23  to evaluate such critical pieces of evidence, the Original Defendants cannot reasonably be
24  expected to respond to EnReach's claims.

---

[2] In fact, the Original Defendants have been waiting for this information since February taking into consideration the state court action that has since been dismissed. (*See* Simmons Decl. ¶ 6, Ex. 5 ("Embedded Internet Solutions, Inc.'s First Set Of Special Interrogatories To Plaintiff EnReach Technologies, Inc.," Interrogatory No. 18).)

- 2 -

MOTION TO CONTINUE SUMMARY
JUDGMENT HEARING
CASE NO. C04 01255 CW

Second, EnReach's service on the Original Defendants was defective. According to the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California ("Civ. L.R."), "all motions must be filed, served and noticed in writing on the motion calendar of the assigned Judge for hearing not less than 35 days after service of the motion." Civ. L.R. 7-2. For materials filed manually with the Court, as opposed to electronically via the Electronic Case Filing ("ECF") system, proper service of the materials requires actual delivery of the materials on or before the relevant due date:

> Whenever, by Court order or under these local rules, a pleading or other paper must be 'served' upon the attorney for a party or the party by a certain date or time, the serving party must comply with one of the following procedures on or before the due date.
>
> (1) The pleading or paper must be *actually delivered* to the receiving attorney or party within the meaning of FRCivP 5(b) on or before the due date. Delivery to a party may be made by private or commercial delivery service or electronically, such as by facsimile transmission or electronic mail; or
>
> (2) [procedure for mail delivery].

Civ. L.R. 5-5(a) (emphasis added).

On February 18, 2005, EnReach filed its motion for summary judgment and supporting papers electronically using the ECF system. However, EnReach's motion papers included several notices of manual filing for materials filed under seal. Because those materials were manually filed by EnReach, they could not be and were not served electronically by the ECF system on counsel for the Original Defendants. And EnReach failed to deliver to counsel for the Original Defendants copies of the materials filed under seal as required under Civ. L.R. 5-5(a). (Simmons Decl. ¶ 4.) In fact, EnReach did not serve these missing papers until February 22 and only after requested to do so by counsel for the Original Defendants. (*Id.* at ¶¶ 4, 5, Ex. 3.) Accordingly, EnReach's papers can only be deemed "actually delivered" as of February 22, which is less than 35 days before the noticed hearing date. Thus, the hearing date will necessarily have to be continued in order to comply with the Local Rules.[3]

---

[3] The Original Defendants raise this issue only reluctantly. Normally, this is the type of issue they would expect to be informally resolved among counsel. In this case, unfortunately, EnReach insisted on bringing its premature summary judgment motion on the shortest possible notice and without providing essential discovery, and it likewise refused to make any stipulated adjustment

1   The Original Defendants request that the Court continue the hearing to April 22,
2   2005, or as soon thereafter as is convenient for the Court, to accommodate the need to receive
3   from Plaintiff promised discovery and to meaningfully review that discovery. (*Id.* at ¶ 8.)
4   Furthermore, the Original Defendants will be prejudiced by having to defend against summary
5   judgment claims to which many defendants, including the Original Defendants, have not even
6   responded. (*Id.*) EnReach filed its Fourth Amended Complaint on January 28, 2005. Three
7   weeks later, on February 18, EnReach hastily filed this motion. Accordingly, many of the
8   defendants, including the Original Defendants, have not even responded to EnReach's latest
9   amended complaint. At least one of the defendants has already filed a motion to dismiss,[4] and it
10  is foreseeable that others will do the same, thereby placing the status of EnReach's claims into
11  question (*i.e.*, some claims may not survive). Continuing the hearing date for EnReach's
12  summary judgment motion will permit the Court and the Original Defendants to have a clearer
13  understanding of the status of the asserted claims before deciding EnReach's motion.

14  Despite the evident prejudice caused by EnReach's conduct, EnReach flatly
15  refused to continue the hearing date for its motion. (*Id.* at ¶ 4 and Ex. 2.)

16  **III.   CONCLUSION**

17  Good cause exists to continue the date for hearing EnReach's motion for summary
18  judgment from March 25, 2005 to April 22, 2005. EnReach cannot reasonably claim any
19  prejudice by having to wait for the Original Defendants to review and evaluate discovery that
20  EnReach acknowledges needs to be provided, but has not yet been provided. Furthermore,
21  EnReach's defective service already necessitates moving the hearing, and justice requires that it
22  be moved to a date that allows the Original Defendants a meaningful opportunity to respond.
23  Accordingly, this Court should grant the Original Defendants' motion to continue the date for
24  hearing EnReach's motion for summary judgment from March 25, 2005 to the first available date
25  on or after April 22, 2005, and order that opposition and reply briefs be filed 21 days and 14 days,

---

[4] Earlier today, Philips Semiconductor Inc. filed a motion to dismiss EnReach's Fourth Amended Complaint.

to the schedule.

- 4 -

MOTION TO CONTINUE SUMMARY
JUDGMENT HEARING
CASE NO. C04 01255 CW

1  respectively, before the newly scheduled hearing date.

2

3  Dated: February 24, 2005            DARIN W. SNYDER
                                       LUANN L. SIMMONS
                                       DAVID W. ONO
4                                      O'MELVENY & MYERS LLP

5

6                                      By: /s/ Luann L. Simmons
                                           Luann L. Simmons
7                                      Attorneys for Defendants
                                       EMBEDDED INTERNET SOLUTIONS,
8                                      INC., SHENZHEN ZHUOZHUANG
                                       NETWORK TECHNOLOGY, INC.,
9                                      GUOHONG XU, and JING WU

10

11

12

   SF1:577716.1
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28