DARIN W. SNYDER (S.B. #136003)
LUANN L. SIMMONS (S.B. #203526)
DAVID W. ONO (S.B. #221312)
O'MELVENY & MYERS LLP
Embarcadero Center West
275 Battery Street
San Francisco, CA  94111-3305
Telephone:    (415) 984-8700
Facsimile:     (415) 984-8701

Attorneys for Defendants
EMBEDDED INTERNET SOLUTIONS, INC.,
SHENZHEN ZHUOZHUANG NETWORK
TECHNOLOGY, INC., GUOHONG XU, and
JING WU

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| EnREACH TECHNOLOGIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>EMBEDDED INTERNET SOLUTIONS, INC., SHENZHEN ZHUOZHUANG NETWORK TECHNOLOGY, INC., GUOHONG XU, JING WU, EMBEDDED INTERNET SOLUTIONS HOLDINGS LTD., ZHAOHENG HOLDINGS LTD., GUOSHENG XU, ALPHASMART, INC., CHANGHONG ELECTRONICS, LTD., CIRRUS LOGIC, INC., INVENTEC CORPORATION, KYOCERA WIRELESS CORP., OPENTV CORP., PHILIPS SEMICONDUCTOR INC., and XOCECO LTD.,<br><br>Defendants. | Case No.  C04 01255 CW<br><br>**DECLARATION OF LUANN L. SIMMONS IN SUPPORT OF DEFENDANTS' MOTION TO CONTINUE SUMMARY JUDGMENT HEARING**<br><br>Courtroom:    2<br>Judge:           Hon. Claudia Wilken |

I, Luann L. Simmons, declare:

1. I am an associate with the firm O'Melveny & Myers LLP, counsel of record in this litigation for Embedded Internet Solutions, Inc. ("EIS"), Shenzhen ZhuoZhuang Network Technology, Inc. ("ZhuoZhuang"), Guohong Xu ("Xu"), and Jing Wu ("Wu") (collectively, the "Original Defendants"). I know the facts stated herein to be true and correct based on my personal knowledge, and, if called to testify, I could and would testify competently thereto.

2. On February 7, 2005, EnReach produced its copyright registration. Attached hereto as Exhibit 1 is a true and correct copy of the copyright registration produced by EnReach. Included in the registration materials is a letter dated August 18, 2004, from James Li to the Library of Congress, Copyright Office, which is labeled with production number ENR00022204. The letter identifies 5 "documents for copyright registration." The list of 5 items includes "4. Screen Shot of browser files." To date, EnReach has not produced the "Screen Shot of browser files" that lists the files and/or modules that were registered on August 18, 2004.

3. On February 22, 2005, I met and conferred by telephone with James Li, counsel for EnReach, regarding, among other things, EnReach's failure to provide responsive documents and discovery responses owed to the Original Defendants regarding EnReach's copyright infringement claims. Despite the fact that the Original Defendants have made numerous requests for these materials over the months since this case was filed, EnReach was still unwilling to provide immediately the documents and responses. Mr. Li stated that EnReach would produce the file listing for the copyright registration "before the end of this week." Mr. Li also stated that EnReach would supplement its discovery response to Interrogatory No. 1, which asks EnReach to identify the source code it alleges was copied by the Original Defendants, "on or before March 4, 2005." As of the filing of this motion, EnReach has not produced the file listing or supplemented its interrogatory response. Attached hereto as Exhibit 2 is a true and correct copy of an email from James Li to me "summarize[ing] the results of our meet and confer."

4. During the parties' February 22 meet and confer, I asked EnReach to agree to continue the hearing date for EnReach's Motion for Summary Judgment. Among other things, I explained that EnReach's service of its motion was defective because it had failed to serve us with the materials filed under seal. I further explained the EnReach's motion was premature. EnReach refused my request to continue the hearing date without explanation.

5. In the afternoon of February 22, following my telephone conversation with Mr. Li, EnReach personally served the Original Defendants with the summary judgment materials that had been filed under seal. Attached hereto as Exhibit 3 is a true and correct copy of EnReach's proof of service for these materials attesting to service on February 22, 2005.

6. Attached hereto as Exhibit 4 is a true and correct copy of the Original Defendants' First Set of Interrogatories in the present case. Attached hereto as Exhibit 5 is a true and correct copy of the Original Defendants' First Set of Interrogatories in the state case.

7. On February 23, 2005, I received an email from James Li asking the Original Defendants to agree to a stipulated request to extend the currently-scheduled expert discovery cutoff and related dates. On February 24, I responded that the Original Defendants would consider such a joint request to change the Court's current scheduling order provided that the request include all parties to the action, including the newly-added defendants who have appeared, and that the schedule also accommodate the need to take fact discovery regarding EnReach's recently-filed amended complaint.

8. The Original Defendants will suffer substantial prejudice if the hearing date for EnReach's summary judgment motion is not continued so that the Original Defendants can receive from Plaintiff the promised discovery and perform a meaningful review of that discovery. The Original Defendants will also be prejudiced by having to defend against summary judgment claims to which many defendants, including the Original Defendants, have not even responded. There have been no previous

1  modifications to the case schedule, and the Original Defendants' request to continue the
2  hearing date will not effect the current schedule.
3        I declare under penalty of perjury under the laws of The United States of
4  America that the foregoing is true and correct and that this declaration was executed on
5  February 24, 2005, at San Francisco, California.

          /s/ Luann L. Simmons
              Luann L. Simmons

SF1:577721.1