1  J. JAMES LI (State Bar No. 202855)
   JILL M. KASTNER (State Bar No. 211363)
2  **McDERMOTT WILL & EMERY, LLP**
   3150 Porter Drive
3  Palo Alto, CA  94304-1212
   Telephone:     650-813-5000
4  Facsimile:     650-813-5100
   jli@mwe.com
5  jkastner@mwe.com

6  Attorneys for Plaintiff
   **EnREACH TECHNOLOGY, INC.**

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                         OAKLAND DIVISION

11

12  EnREACH TECHNOLOGY, INC., a          CASE No. C04 01255 CW
    Delaware corporation,
13
                                         **STIPULATED PROTECTIVE ORDER**
14             Plaintiff,

15       v.

16  EMBEDDED INTERNET SOLUTIONS,
    INC., a California corporation, SHENZHEN
17  ZHUOZHUANG NETWORK
    TECHNOLOGY, INC., a Chinese
18  corporation, GUOHONG XU, an individual,
    and JING WU, an individual, EMBEDDED
19  INTERNET SOLUTIONS HOLDINGS
    LTD., a Cayman Islands corporation,
20  ZHAOHENG HOLDINGS LIMITED, a
    Hong Kong corporation, GUOSHENG XU,
21  an individual, ALPHASMART, INC., a
    Delaware corporation, CHANGHONG
22  ELECTRONICS, LTD., a Chinese
    corporation, CIRRUS LOGIC, INC., a
23  Delaware corporation, INVENTEC
    CORPORATION, a corporation of Taiwan,
24  China, KYOCERA WIRELESS CORP., a
    Delaware corporation, OPENTV Corp., a
25  British Virgin Islands corporation,
    XOCECO LTD., a Chinese corporation.
26
               Defendants.
27

28

MPK 91362-1.070115.  0011

[**PROPOSED] STIPULATED PROTECTIVE ORDER**                    CASE NO. C0401255 CW

1    IT IS HEREBY STIPULATED by each of the parties to the above-captioned action (the

2  "Action"), through their respective counsel of record, that the following Stipulated Protective

3  Order ("Order") shall govern the handling of documents, answers to interrogatories, depositions,

4  pleadings, exhibits and all other information exchanged by the parties or received from third

5  parties in this action.

6    IT IS HEREBY ORDERED that the following Protective Order be entered in this Action:

7    1.    The following classifications shall apply:

8    a.    "Confidential Information" shall mean and include any document (whether

9  in hard copy or computer readable form), thing, deposition testimony, interrogatory answers,

10  responses to requests for admissions and/or production, or other information provided in

11  discovery in this Action ("Discovery Material"), which the party making the confidential

12  designation (the "Designating Party") reasonably believes to constitute or include proprietary

13  business or financial information, or personal information or information furnished to it in

14  confidence by any third party, which information is not known or freely accessible to the general

15  public;

16    b.    The "Outside Counsel Eyes Only" designation shall be reserved for any

17  Discovery Material that the Designating Party reasonably and in good faith believes the

18  disclosure of which would result in the disclosure of trade secrets or other highly sensitive

19  research, development, production, personnel, commercial or business information (including but

20  not limited to proprietary information, contracts, bids, corporate planning documents, strategic

21  planning documents, documents that reveal market or customer analyses, competitive strategy,

22  research and development documents, financial statements and other financial or budgetary

23  documents).

24    c.    All such Confidential or Outside Counsel Eyes Only designations shall be

25  made in good faith by the Designating Party and made at the time of disclosure, production, or

26  tender to the party receiving the same ("Receiving Party"), or at such other time as permitted by

27  this Protective Order, provided that the inadvertent failure to so designate does not constitute a

28

MPK 91362-1.070115. 0011
[**PROPOSED] STIPULATED PROTECTIVE ORDER**      - 1 -      CASE NO. C0401255 CW

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

waiver of such claim, and a party may so designate Discovery Material after such Discovery

Material has been produced, with the effect that such Discovery Material is thereafter subject to

the protections of this Protective Order.  However, the prior disclosure of material later

designated as Confidential or Outside Counsel Eyes Only shall not constitute a violation of this

Order.  In the event material is disclosed by the receiving party to a third party prior to its

designation as Confidential or Outside Counsel Eyes only, the Receiving Party shall make a

reasonable effort to notify the third party of the designation, and secure the return of such material

from the third party.  If the third party refuses to return such material, the Designating Party bears

the burden of seeking appropriate relief from the Court.  Designations of Confidential and

Outside Counsel Eyes Only shall constitute a representation that such Discovery Material has

been reviewed by an attorney for the Designating Party and that there is a valid basis for such

designation.

          d.      When a party wishes to designate as Confidential or Outside Counsel Eyes

Only materials produced by another party, such designation shall be made within thirty calendar

days (30) of production of the materials by notice to all parties and to any third party producing

the material.  The notice shall identify the materials to be designated with particularity (by Bates

number or by providing other adequate identifying information).  Such notice shall be sent by

facsimile and regular mail.  Upon designation pursuant to this section, all parties subject to this

Protective Order receiving notice of the requested designation of materials shall (a) make no

further disclosure of the material or information contained therein, except as allowed in this

Order; (b) take reasonable steps to notify any persons known to have possession of or access to

such material or information in the possession or control of any person not permitted to have

access under the terms of this Order.

          2.      The designation of Discovery Material in the form of documents, responses to

requests for admission and interrogatories, or other tangible materials (including, without

limitation, CD-ROMs and tapes) other than depositions or other pretrial testimony as Confidential

Information or Outside Counsel Eyes Only Information shall be made by the Designating Party in

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

1 the following manner:

2       a.      Documents designated "Confidential" shall be so marked by conspicuously

3 affixing the legend "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" on each page

4 containing any Confidential Information (or in the case of computer medium on its label and/or

5 cover, and on the medium, if feasible) to which the designation applies.  Such designated

6 Discovery Material shall be identified by Bates number.  To the extent practical, the Confidential

7 legend shall be placed near the Bates number;

8       b.      Documents designated "Outside Counsel Eyes Only" shall be so marked by

9 conspicuously affixing the legend "OUTSIDE COUNSEL EYES ONLY" on each page

10 containing any Outside Counsel Eyes Only Information (or in the case of computer medium on its

11 label and/or cover, and on the medium, if feasible) to which the designation applies.  Such

12 designated Discovery Material shall be identified by Bates number.  To the extent practical, the

13 Outside Counsel Eyes Only legend shall be placed near the Bates number;

14       c.      If a document has more than one designation, the more restrictive or higher

15 confidential designation applies.

16    3.      Confidential Information and Outside Counsel Eyes Only Information shall not

17 include any Discovery Materials which:

18       a.      Have been or become lawfully in the possession of the Receiving Party

19 through communications other than production or disclosure in this Action, or in other litigation,

20 for example, as a result of legitimate business dealings between the parties, unless those

21 documents are covered by a separate non-disclosure or confidentiality agreement or are of such a

22 nature that one or more of the parties would have a reasonable expectation of confidentiality as to

23 the contents of the documents, in which case the Receiving Party may continue to use such

24 documents in the course of its business subject to those agreements; or

25       b.      Have been or become part of the public domain by publication or otherwise

26 and not due to any unauthorized act or omission on the part of the Receiving Party or any of its

27 authorized representatives or designees under this Protective Order.  Nothing herein shall impose

28

[**PROPOSED] STIPULATED PROTECTIVE ORDER**                - 3 -                CASE NO. C0401255 CW

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

1  any restriction on the use or disclosure by a party of its own documents or information.

2      4.      Information designated as Confidential may be disclosed or made available by

3  counsel of record for the party receiving such information to, and only to, the following

4  "Qualified Persons" as defined herein.  For purposes of this Order, "Qualified Persons" means, to

5  the extent required by proceedings in this litigation:

6              a.      one employee of each party or in-house counsel;

7              b.      the Court (and any appellate court), including court personnel, jurors, and

8  alternate jurors;

9              c.      court reporters and videographers recording depositions or hearings who

10  have signed the "ACKNOWLEDGEMENT" attached hereto as Exhibit A;

11              d.      outside counsel to the parties in this litigation, and the paralegal, clerical,

12  secretarial, and other persons employed or engaged by any such counsel, as well as outside

13  litigation support services (such as copying, imaging, coding, and graphic consultants);

14              e.      Subject to the provisions of paragraph 6 herein,  independent consultants or

15  experts (as well as their staff, stenographic, and clerical employees whose duties and

16  responsibilities require access to such materials), retained by counsel of record in this Action for

17  purposes of this Action only, who are not current employees of any party to this litigation, or any

18  direct competitor of any party to this litigation;

19              f.      witnesses and their counsel to the extent such documents are relevant to

20  their testimony; and

21              g.      such other persons as hereafter may be authorized by the Court upon

22  motion or by the parties upon stipulation.

23      5.      Any Outside Counsel Eyes Only Information designated under this Protective

24  Order may be disclosed or made available by counsel of record for the party receiving such

25  information to, and only to the following "Restricted Qualified Persons" as defined herein.  For

26  purposes of this Order, "Restricted Qualified Persons" means, to the extent required by

27  proceedings in this litigation:

28

MPK 91362-1.070115.  0011

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

- 4 -                                          CASE NO. C0401255 CW

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

1    a.    the Court (and any appellate court), including court personnel, jurors, and

2  alternate jurors;

3    b.    outside counsel to the parties in this litigation, and the paralegal, clerical,

4  secretarial, and other persons employed or engaged by any such counsel, as well as outside

5  litigation support services (such as copying imaging, coding, and graphic consultants);

6    c.    court reporters and videographers recording depositions or hearings who

7  have signed the "ACKNOWLEDGMENT" attached hereto as Exhibit A;

8    d.    Subject to the provisions of paragraph 6 herein, independent consultants or

9  experts (as well as their staff, stenographic, and clerical employees whose duties and

10  responsibilities require access to such materials), retained by counsel of record in this Action for

11  purposes of this Action only, who are not current employees of any party to this litigation, or any

12  direct competitor of any party to this litigation;

13    e.    any witness who was an author or recipient of the Outside Counsel Eyes

14  Only Information; and

15    f.    such other persons as hereafter may be authorized by the Court upon

16  motion or by the parties upon stipulation.

17    6.    A party desiring to disclose materials designated Confidential or Outside Counsel

18  Eyes Only to independent consultants or experts under Paragraph 4(e) or 5(d) above, shall first

19  comply with the following procedure:

20    a.    Before receiving any Confidential Information or Outside Counsel Eyes

21  Only Information, the consultant or expert shall be furnished with a copy of this Protective Order

22  and shall acknowledge, by executing the ACKNOWLEDGMENT attached hereto as Exhibit A,

23  that he or she has read this Protective Order, understands it, and agrees to be bound by it, and also

24  expressly consents to the jurisdiction of this Court in connection with any proceeding or hearing

25  relating to the enforcement of this Protective Order;

26    b.    Outside counsel for each Receiving Party shall retain a copy of each such

27  ACKNOWLEDGMENT (Exhibit A).

28

MPK 91362-1.070115. 0011
[**PROPOSED**] **STIPULATED PROTECTIVE ORDER**          - 5 -          CASE NO. C0401255 CW

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

c.     A copy of said ACKNOWLEDGMENT and resume shall be served upon counsel for the Designating Party with a cover letter identifying each company for whom the expert or consultant has done work in the past five years, is currently engaged in doing work, and has a contract or agreement to do work in the future.  The Designating Party shall then have ten (10) business days from receipt of the ACKNOWLEDGMENT, resume and cover letter to serve a written objection to such disclosure.  Any written objection shall state with specificity the reason(s) for such objection.  Objections to disclosure shall be made only in good faith.  If counsel for the Designating Party objects within ten (10) business days, there shall be no disclosure to such consultant or expert except by the parties' agreement or further order of the Court pursuant to resolution of a motion brought by counsel for the Receiving Party.  If, within the ten (10) business day period, the Designating Party objects to the disclosure, counsel shall consult with each other to reach an agreement.  Failing that and for good cause shown, the party proposing the expert or consultant may file a motion seeking permission to make the disclosure.  On any such motion, the Designating Party shall bear the burden of showing why disclosure to that expert or consultant should be precluded.

7.     Confidential Information and Outside Counsel Eyes Only Information and the substance or content thereof, including any notes, memoranda or other similar documents relating thereto, shall be used by a Receiving Party and its authorized representative or designees under this Protective Order solely for the purpose of this Action and any appeals therefrom, and shall not be made available, or disclosed, or summarized to any persons, including the parties, other than as permitted by paragraphs 4-6 of this Protective Order.

8.     Any person in possession of Confidential Information or Outside Counsel Eyes Only Information shall exercise reasonably appropriate care with regard to the storage, custody or use of such Confidential Information or Outside Counsel Eyes Only Information in order to ensure that the confidential or highly confidential nature of the same is maintained.

9.     If Confidential Information or Outside Counsel Eyes Only Information is disclosed to anyone other than in a manner authorized by this Protective Order, the party responsible for

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

1  such disclosure must: (a) immediately bring all pertinent facts relating to such disclosure to the

2  attention of the Designating Party of the Confidential Information or Outside Counsel Eyes Only

3  Information; (b) retrieve such  Confidential Information or Outside Counsel Eyes Only

4  Information, or, where the information is not retrievable, certify that it has been lost or destroyed

5  and that no copies are within the possession, custody, or control of unauthorized recipients of the

6  information, documents, or materials; and (c) prevent further disclosure.

7          10.      When Confidential Information or Outside Counsel Eyes Only Information is

8  discussed, quoted or referred to in any deposition, the Designating Party shall have the right to

9  exclude all persons not authorized to have access to such Information from that portion of the

10  deposition in which Confidential or Outside Counsel Eyes Only Information is disclosed.  The

11  use of any such Confidential or Outside Counsel Eyes Only Information for the purpose of any

12  hearing or trial which is open to the public is not addressed at this time, but will be the subject of

13  future agreements or orders as the need may arise.

14          11.      Any deposition transcript containing Confidential Information or Outside Counsel

15  Eyes Only Information shall be marked on the cover as "Confidential Pursuant To Protective

16  Order" or "Outside Counsel Eyes Only," as appropriate, and shall indicate as appropriate within

17  the transcript what information has been so designated.  Whenever possible, the stenographic

18  reporter shall be requested prior to the deposition (where the attorneys have reason to believe the

19  testimony will contain Confidential or Outside Counsel Eyes Only Information) or when the

20  Confidential or Outside Counsel Eyes Only Information is disclosed (when not previously

21  anticipated) to separate those portions of the transcript containing confidential information and

22  separately bind it from the non-confidential portions.  However, a party may designate any

23  portion or all (if appropriate) of the transcript as containing Confidential or Outside Counsel Eyes

24  Only Information by so advising, with reasonable precision as to the affected testimony, the

25  deposition reporter, who shall accordingly indicate in the deposition transcript what portion(s) of

26  the testimony (or exhibits thereto) were so designated, or by so advising all other parties in

27  writing, and with page and line designations, within  ten (10) business days after receipt of the

28

1  transcript.  Until ten (10) business days have passed after the receipt of any transcript, that entire

2  transcript shall be deemed to be Outside Counsel Eyes Only.  In the event of disagreement about

3  the confidential status of a deposition transcript, it shall continue to be treated as Outside Counsel

4  Eyes Only until the Court rules otherwise.

5           12.      Any pleading, paper or other document filed in this action which contains or

6  discloses Confidential Information or Outside Counsel Eyes Only Information shall be filed under

7  seal pursuant to Local Rule 79-5.  Where reasonably practical, only the Confidential or Outside

8  Counsel Eyes Only material or those portions of the documents that contain Confidential or

9  Outside Counsel Eyes Only material shall be marked as provisionally sealed.  Any such filing

10  shall be served by personal delivery.

11           13.      Entering into, agreeing to and/or producing or receiving Confidential Information

12  or Outside Counsel Eyes Only Information or otherwise complying with the terms of this

13  Protective Order shall not:

14           a.       Operate as an admission by any party that any Discovery Material

15  designated as Confidential Information or Outside Counsel Eyes Only Information contains or

16  reflects trade secrets or any other type of confidential or proprietary information entitled to

17  protection under applicable law;

18           b.       Prejudice in any way the rights of any party to object to the production of

19  documents it considers not subject to discovery;

20           c.       Prejudice in any way the rights of any party to object to the authenticity or

21  admissibility into evidence of any document, testimony or the evidence subject to this Protective

22  Order;

23           d.       Prejudice in any way the rights of any party to seek a determination by the

24  Court whether any Discovery Material or Confidential Information or Outside Counsel Eyes Only

25  Information should be subject to the terms of this Protective Order;

26           e.       Prejudice in any way the rights of any party to petition the Court for a

27  further protective order, or modification or amendment of this order, relating to any purportedly

28

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

1  Confidential Information or Outside Counsel Eyes Only Information;

2              f.       Prejudice in any way the rights of any party to petition the Court for

3  permission to disclose or use particular Confidential Information or Outside Counsel Eyes Only

4  Information more broadly than would otherwise be permitted by the terms of this Protective

5  Order; or

6              g.       Prevent any Designating Party from agreeing to alter or waive the

7  provisions or protections provided for herein with respect to any particular Discovery Material

8  designated as Confidential Information or Outside Counsel Eyes Only Information by that party.

9         14.      The signing of this Protective Order or failure of a party, at the time it receives

10  Discovery Materials designated as Confidential Information or Outside Counsel Eyes Only

11  Information, to challenge or object to the Confidential or Outside Counsel Eyes Only

12  designations shall not be deemed a waiver of its right to challenge or object to the Confidential or

13  Outside Counsel Eyes Only designations at any later time.  Any party may at any time challenge

14  the designation of any Discovery Materials as Confidential or Outside Counsel Eyes Only and

15  may request permission to use or disclose information with Confidential or Outside Counsel Eyes

16  Only designations other than as permitted, pursuant to this paragraph by serving (by facsimile

17  transmission) a written request upon counsel for the Designating Party at least ten (10) business

18  days before the date of the proposed disclosure and by providing telephonic notice of such request

19  on the same date as the facsimile is transmitted.  Such request shall specifically identify the

20  Confidential Information or Outside Counsel Eyes Only Information, including Bates label,

21  sought to be disclosed and the name, title and function of the person to whom disclosure is

22  desired to be made.  The Designating Party shall thereafter respond to the request in writing,

23  within ten (10) business days after receipt of same.  If, where consent has been withheld, the

24  parties are subsequently unable to agree on the terms and conditions of disclosure, the matter may

25  be submitted to the Court for resolution by the party seeking disclosure.  Disclosure shall be

26  postponed until a ruling has been obtained from the Court.

27         15.      In the event of disagreement, the party asserting confidentiality shall have the

28

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

1   burden of proving that the information at issue is entitled to the protection of this Protective

2   Order.

3       16.     All provisions of this Protective Order restricting the use of information obtained

4   during discovery shall continue to be binding on the parties and all persons who have received

5   information under this Protective Order, after the conclusion of this Action, including all appeals,

6   until further Order of the Court, unless the parties agree otherwise in writing.  Any and all

7   originals and copies of Discovery Materials designated Confidential or Outside Counsel Eyes

8   Only, shall, at the request of the producing party, be returned to the party within sixty (60) days

9   after a final judgment herein or settlement of this Action, or, at the option of the producing party,

10  destroyed in that time frame, except that outside counsel for each party may maintain in its files

11  one copy of each pleading filed with the Court, each deposition transcript together with the

12  exhibits marked at the deposition, and documents constituting work product which were

13  internally generated based upon or which include Confidential Information or Outside Counsel

14  Eyes Only Information.  In the event that outside counsel maintains such documents, it shall not

15  disclose material containing any type of Confidential Information or Outside Counsel Eyes Only

16  Information to another party absent subpoena or court order.  Upon receipt of any subpoena for

17  such information, the party receiving the subpoena shall immediately notify outside counsel for

18  the Designating Party of the subpoena so that the latter may protect its interests.  In the event that

19  documents are returned to or destroyed at the request of the producing party, the other party or its

20  outside counsel shall certify in writing that all such documents have been returned or destroyed,

21  as the case may be.

22      17.     The inadvertent production in discovery of any privileged or otherwise protected

23  or exempted information, as well as the inadvertent production in discovery of information

24  without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment

25  of any claim or privilege or protection including but not limited to the attorney-client privilege,

26  the protection afforded to work-product materials or the subject matter thereof, or the confidential

27  nature of any such information, provided that the producing party shall immediately notify

28

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

1  Receiving Party in writing when inadvertent production is discovered.  Upon receiving written

2  notice from the producing party that privileged information or work-product material has been

3  inadvertently produced, all such information, and all copies thereof, shall not be used by counsel

4  for the Receiving Party for any purpose until further Order of the Court.  Any analyses,

5  memoranda or notes which were internally generated based upon such inadvertently-produced

6  information shall immediately be treated in conformance with the protected nature of the

7  information until further Order of the Court.  Unless the Receiving Party agrees to return the

8  allegedly privileged information, the producing party must move the Court within ten (10)

9  calendar days of the original notice of inadvertent production for an Order compelling return of

10  the allegedly inadvertently produced material.

11        18.        Any violation of the terms of this Protective Order shall be punishable by money

12  damages, interim or final injunctive or other equitable relief, sanctions, contempt of court citation,

13  or such other or additional relief as deemed appropriate by the Court.  The foregoing remedies

14  shall be in addition to any other common law or statutory relief available for violation of the

15  terms of this Protective Order.

16        19.        Discovery Material produced by third parties may be designated by them as

17  Confidential or Outside Counsel Eyes Only Information pursuant to the terms of this Protective

18  Order and, when so designated, shall be treated by the parties in conformance with this Protective

19  Order.

20        20.        The Court retains jurisdiction subsequent to settlement or entry of judgment to

21  enforce the terms of this Protective Order.

22        SO STIPULATED:

23

24

25

26

27

28

MPK 91362-1.070115. 0011
**[PROPOSED] STIPULATED PROTECTIVE ORDER**

- 11 -                    CASE NO. C0401255 CW

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

1

2    Respectfully submitted,

3    Dated: June 14, 2005

4    **WHITE & CASE LLP**                          **McDERMOTT WILL & EMERY LLP**

5

6    By: /s/ Warren Heit                           By: /s/ Jill Kastner

7        Warren S. Heit                                J. James Li
         Attorneys for Defendant                       Jill M. Kastner
8        **CIRRUS LOGIC, INC.**                        Attorneys for Plaintiff
                                                       **EnREACH TECHNOLOGY, INC.**
9

10   **MORRISON & FOERSTER LLP**                   **O'MELVENY & MYERS LLP**

11

12   By: /s/ Peggy Bruggman                        By: /s/ Luann Simmons

         Bryan J. Wilson                               Darin Snyder
13       Peggy Bruggman                                Luann Simmons
         Attorneys for Defendants                      Attorneys for Defendants
14       **OPENTV, CORP.AND**                          **EMBEDDED INTERNET SOLUTIONS,**
         **ALPHASMART, INC.**                          **INC., SHENZHEN ZHUOZHUANG**
15                                                     **NETWORK TECHNOLOGY, INC.,**
                                                       **GUOHONG XU, AND JING WU**
16   **PROCOPIO, CORY, HARGREAVES &**
     **SAVITCH LLP**
17

18

19   By: /s/ John Kyle

         Anthony J. Dain
20       John S. Kyle
         Attorneys for Defendant
21       **KYOCERA WIRELESS CORP.**

22

23

24

25

26

27

28

MPK 91362-1.070115. 0011

[**PROPOSED] STIPULATED PROTECTIVE ORDER**        - 12 -              CASE NO. C0401255 CW

1    The parties having entered into the above stipulation, and having shown good cause
herein.

2        IT IS SO ORDERED.

3

4      7/5/05                                   /s/ CLAUDIA WILKEN

5    DATED: _____      _____

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

1

## EXHIBIT A

2

### Agreement To Be Bound By And Comply With Protective Order

3

I hereby certify (i) my understanding that Discovery Material and/or Confidential and/or

4

Outside Counsel Eyes Only Information are being provided to me pursuant to the terms and

5

restrictions of the Protective Order (the "Order") entered by the California Superior Court, Santa

6

Clara County (the "Superior Court") in this Action, and (ii) that I have read the Order.  I

7

understand the terms of the Order, I agree to be fully bound by the Order, and I hereby submit to

8

the jurisdiction of the Superior Court for purposes of enforcement of the Order.  I understand that

9

violation of the Order may be punishable by contempt of court or other sanction, penalty,

10

injunction, or damages available at law or in equity.

11

12

Dated: _____          Signature:       _____

13

Name:       _____

Address:       _____

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MPK 91362-1.070115.  0011

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

- 14 -                    CASE NO. C0401255 CW

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO